James H. Irwin, Appellant, *v.* Smith W. Hill and Lucinda Hill, his wife, George Katz and Margaret Katz, his wife, James Kennedy Irwin, Mary M. Irwin, Robert P. Thompson and Bessie L. Thompson, his wife.

*Will—Devise—Intestacy.*

Testator directed as follows : "I further will and direct that my wife have the one-half part of my farm on which I now reside after the legacies are deducted, which amount to twenty-two acres, during her natural life, and at her death this portion shall be inherited by the surviving issue of my niece L., share and share alike. I will and direct that my niece L. have the remainder or residue of my farm on which I now reside, after the legacies above mentioned are deducted, during her natural life, and at her decease this portion shall be inherited by the surviving issue of my said niece L., share and share alike. I further will and direct that at the decease of my niece L., failing issue, my brother's children shall inherit the part of my farm in which I have given a life interest to my wife and to my niece." The " legacies " mentioned were three devises of land aggregating twenty-two acres. *The whole will manifested a general intent* to dispose of the entire estate. Several provisions of the will showed that testator's wife and L. were the first objects of his bounty. The widow died before L. *Held,* that a proper construction of the will gave to L. any estate in the land intervening between the death of the widow, and the death of L., and that there was no intestacy as to such estate.

Argued Nov. 3, 1899. Appeal, No. 190, Oct. T., 1899, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1898, No. 624, dismissing bill in equity. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for partition.

The facts appear by the opinion of COLLIER, J., which was as follows :

The bill in this case prays for partition of a tract of land in Mifflin township, Allegheny county, Pennsylvania.

Plaintiff claims title as one of the heirs at law of Joseph Irwin, who died in 1881, having first made his last will, which after his death was duly proved and recorded. Plaintiff's title depends upon the construction of this will. He contends that

there is an interest in the land, undisposed of, which fell to the heirs at law upon the death of the widow of Joseph Irwin, which occurred in 1898. The clauses of the will upon which this contention is based are as follows:

"I further will and direct that my wife have the one-half ($\frac{1}{2}$) part of my farm on which I now reside, after the legacies are deducted, which amount to twenty-two (22) acres, during her natural life, and at her death this portion shall be inherited by the surviving issue of my niece Lucinda Woods, share and share alike. I will and direct that my niece Lucinda Woods have the remainder or residue of my farm on which I now reside, after the legacies above mentioned are deducted, during her natural life, and at her decease this portion shall be inherited by the surviving issue of my said niece Lucinda Woods, share and share alike. I further will and direct that at the decease of my niece Lucinda Woods, failing issue, my brother J. H. Irwin's children shall inherit the part of my farm, in which I have given a life interest to my wife, Susanna Irwin, and my niece Lucinda Woods."

Lucinda Woods is married to Smith W. Hill, but had not at the time of the widow's death, and has not now any children.

It is evident from the construction of the entire will that the testator did not intend to leave any part or interest in his property undisposed of. It is probable that the testator did not consider the contingency of the death of his wife in the lifetime of Lucinda Woods. But if the language of the will admits of a construction disposing of the entire estate, it should be so construed. Reading the clauses above quoted, we think the disposition of the entire estate is clear. Having given three pieces of the farm to a nephew and two nieces, in all twenty-two acres, he gives to his wife one half of the farm, after deducting these devises, called legacies, during her natural life, and at her death to the surviving issue of Lucinda Woods. In the devise to Lucinda Woods he does not limit her interest to the remaining one half, but gives to her the remainder or residue of his farm, after the legacies above mentioned are deducted. This undoubtedly gives to Lucinda Woods, not merely the residue of the land, but the remainder of the estate undisposed of, as she is given the remainder or residue of the farm; if the legacies mentioned refer to the twenty-two acres only, as con-

tended by the learned counsel for plaintiff, it would cut up the entire interest of the widow, because, being the later clause in the will, it must be enforced against any prior inconsistent provision, which certainly the testator did not intend. We think that the proper construction of the words of the will give to Lucinda Woods any estate in the land intervening between the death of the widow and the death of Lucinda Woods. The other provisions of the will strengthen this view. The wife and Lucinda Woods are the first object of the testator's bounty. In the first clause of the will he gives to them his personal property, and provides for the payment of his debts, etc., by a mortgage of the coal. He gives to them the joint use of the house and barn, and in the last clause gives them the proceeds of the sale of the coal. It would be unreasonable to hold that after the death of his wife the heirs at law should be allowed to occupy the house and outhouses with Lucinda Woods. Such an arrangement would be inconvenient and could not have been contemplated.

These views of the case render it unnecessary to consider the effect of the use of the words "surviving issue," and "failing issue" upon the ultimate disposition of the property. It is clear that James H. Irwin, the plaintiff, has no present or prospective interest in the land, and cannot therefore maintain this bill for partition. The bill must be dismissed.

And now, September 25, 1899, the bill in this case is dismissed at the costs of the plaintiff.

*Error assigned* was decree dismissing bill.

*W. B. Rodgers,* with him *Jno. O. Petty,* for appellant, cited Ross v. Drake, 37 Pa. 373.

*J. McF. Carpenter,* for appellees, cited Boies's Est., 177 Pa. 190.

PER CURIAM, December 30, 1899:

Our consideration of the record in this case has satisfied us that there is no error in the decree dismissing the bill at plaintiff's costs. We find nothing in any of the specifications of error that requires discussion.

The decree is affirmed on the opinion of the learned judge who presided at the hearing in the court below, and the appeal is dismissed at appellant's costs.